IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CSR TECHNOLOGY INCORPORATED,   ) ) ) | |
| ) | CIVIL ACTION NO. 1:12-CV-00297-LY |
| Plaintiff,   ) ) | |
| ) | DEFENDANT BANDSPEED, INC.'S |
| v.   ) | ANSWER TO PLAINTIFF CSR |
| ) | TECHNOLOGY, INC.'S COMPLAINT AND |
| BANDSPEED INCORPORATED,   ) | COUNTERCLAIM |
| ) | |
| Defendant.   ) | JURY TRIAL DEMANDED |

## ANSWER AND COUNTERCLAIM

Defendant Bandspeed, Inc. ("Bandspeed"), submits this Answer and Counterclaim to Plaintiff CSR Technology, Inc.'s ("CSR") Complaint for Patent Infringement. Bandspeed denies the allegations and characterizations in CSR's Complaint unless expressly admitted in the following paragraphs.

## JURISDICTION AND VENUE

1. Bandspeed admits that CSR's claims purport to state a cause of action under the patent laws of the United States, Title 35 of the United States Code. Bandspeed admits that to the extent CSR's claims state a cause of action under the patent laws of the United States, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Bandspeed denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Bandspeed denies that venue is proper in the District of Arizona pursuant to 28 U.S.C. §§ 1391(b) and (c) or 1400(b).

## PARTIES

3. Bandspeed admits Plaintiff CSR is a corporation organized under the laws of Delaware. Bandspeed further admits Planitff CSR maintains two of its six United States offices at 217 Devcon Drive, San Jose, California 95112 and 4940 East Beverly Road, Phoenix, Arizona

85044.   Bandspeed lacks knowledge or information sufficient to form a belief about the remainder of the allegations contained in Paragraph 3 of the Complaint, and on that basis, denies the allegations.

4. Bandspeed has insufficient information to admit or deny the allegation that CSR is the owner by assignment of U.S. Patent No. 6,792,247 ("'247 patent"), and on that basis, denies the allegation contained in Paragraph 4 of the Complaint.

5. Bandspeed admits the allegations contained in Paragraph 5 of the Complaint.

6. Bandspeed admits its products relate to WLAN 802.11 management and radio frequency interference analysis.  Bandspeed further admits it has products identified as BSP1000, BSP2500, BSP2500-MPCI and BSP-AMAP3100AG-VC.

7. Bandspeed denies the allegations contained in Paragraph 7 of the Complaint.

8. Bandspeed admits that this Court has personal jurisdiction over Bandspeed but denies the remaining allegations contained in Paragraph 8 of the Complaint.

### PATENT IN SUIT

9. Bandspeed admits that the '247 patent entitled "Co-located frequency-agile system and method" was issued by the United States Patent and Trademark Office ("USPTO") on September 14, 2004.  Bandspeed further admits that the inventors listed on the '247 patent are Hock Law of Carlsbad, California and Dennis Kwan of San Diego, California.  Bandspeed further admits that a document purporting to be a copy of the '247 patent is attached to the Complaint as Exhibit 1.  Bandspeed has insufficient information to admit or deny the allegation that CSR is the assignee of all rights, title and interest in and to the '247 patent, and on that basis, denies the allegation.  Bandspeed denies the remaining allegations contained in Paragraph 9 of the Complaint.

### COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 6,792,247

10. Bandspeed incorporates by reference its responses to Paragraphs 1-9 of the Complaint above.

11.     Bandspeed denies the allegations contained in Paragraph 11 of the Complaint.

12.     Bandspeed denies the allegations contained in Paragraph 12 of the Complaint.

13.     Bandspeed denies the allegations contained in Paragraph 13 of the Complaint.

## RESPONSE TO CSR'S PRAYER FOR RELIEF

14.     Bandspeed denies that CSR is entitled to any relief whatsoever in this action from Bandspeed as prayed for in the Complaint.

## AFFIRMATIVE DEFENSES

15.     Without admitting any allegations in CSR's Complaint not otherwise explicitly admitted, Bandspeed asserts the following defenses as to the causes of action asserted against Bandspeed.

## FIRST AFFIRMATIVE DEFENSE

### (Validity)

16.     The claims of the '247 patent are invalid for failure to comply with the requirements of 35 U.S.C §§ 101, 102, 103, 112, and/or any other applicable provisions.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

17.     CSR is barred from recovery of damages by the defense of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Damages)

18.     CSR's claims for damages and injunction are barred in whole or in part by operation of the applicable statutes, including 35 U.S.C. §§ 286 and 287, and 28 U.S.C. § 1498.

## OTHER AFFIRMATIVE DEFENSES

19.     Bandspeed expressly reserves the right to assert any other affirmative defenses that may become available in this case and hereby reserves the right to amend this Answer to assert any such defense.

## COUNTERCLAIM

1. Counterplaintiff Bandspeed, Inc. ("Bandspeed"), for its counterclaim against Counterdefendant CSR Technology, Inc. ("CSR") for declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, alleges as follows:

## PARTIES

2. Bandspeed is a corporation organized under the laws of Delaware, with its headquarters and principal place of business at 4301 Westbank Drive, Building B, Suite 100, Austin, Texas 78746.

3. Upon information and belief, CSR is a corporation organized under the laws of Delaware, having two of its six United States offices at 217 Devcon Drive, San Jose, California 95112 and 2201 10th Street, Plano, Texas 75074.

## JURISDICTION AND VENUE

4. Counts 1 and 2 of the counterclaim are based upon the patent laws of the United States, Title 35 of the United States Code, § 1 *et seq.* This Court has jurisdiction over the counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5. CSR has submitted to the personal jurisdiction of this Court.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

7. There is an actual and justiciable case or controversy between Bandspeed and CSR, in this district, arising under the patent laws, 35 U.S.C. § 1 et seq.

8. This case or controversy arises by virtue of CSR's filing of this suit, which purports to allege that Bandspeed infringes the U.S. Patent No. 6,792,247 ("'247 patent").

## COUNT 1

**(Declaratory Judgment of Noninfringement of the '247 Patent)**

9. Bandspeed incorporates by reference Paragraphs 1-9 above.

10. Bandspeed had not infringed, induced infringement or contributed to the infringement of the '247 patent.

4

11. Bandspeed requests declaratory judgment that Bandspeed has not infringed the '247 patent.

## COUNT 2

### (Declaratory Judgment of Invalidity of the '247 Patent)

12. Bandspeed incorporates by reference Paragraphs 1-9 above.

13. Each and every claim of the '247 Patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation, Sections 101, 102, 103 and 112.

14. Bandspeed requests declaratory judgment that the claims of the '247 Patent are invalid.

## RESERVATION OF COUNTERCLAIMS

15. Bandspeed reserves the right to assert any other counterclaims that discovery may reveal.

## PRAYER FOR RELIEF

WHEREFORE, Bandspeed prays with respect to CSR's prayer for relief as follows:

A. For the dismissal of CSR's complaint with prejudice and that CSR take nothing against Bandspeed by the Complaint;

B. That this Court declare that Bandspeed has not infringed, induced the infringement of, or contributed to the infringement of the '247 patent;

C. That the Court declare that the '247 patent is invalid;

D. That Bandspeed be awarded exemplary damages, attorneys' fees and costs under 35 U.S.C. § 285 against CSR; and

E. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Bandspeed respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  April 26, 2012  Respectfully Submitted,


By:  */s/ Henry Bunsow*

Henry Bunsow – Lead Attorney
California State Bar # 60707
Brian A.E. Smith
California State Bar # 188147
Matthew F. Greinert
California State Bar # 239492
**DEWEY & LEBOEUF LLP**
Post Montgomery Center
One Montgomery Street, Suite 3500
San Francisco, CA  94104
Tel:  (415) 951-1100
Facsimile:  (415) 951-1180
Email:  hbunsow@dl.com
Email:  bsmith@dl.com
Email:  mgreinert@dl.com

**ATTORNEYS FOR DEFENDANT BANDSPEED INC.**